**E-Filed on 5/25/05**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE REDBACK NETWORKS, INC. SECURITIES LITIGATION.<br><br>_____<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS. | Case Number C-03-5642-JF (HRL)<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION |

On January 21, 2005, the Court issued an order dismissing Plaintiffs' claims with leave to amend as to certain defendants and without leave to amend as to others ("January 21 Order"). Plaintiffs seek reconsideration of the dismissal without leave to amend as to one defendant, Randall Kruep ("Kruep"), on the ground that newly discovered evidence has revealed facts that could be added to the complaint and that would be sufficient to state a § 10(b) claim against Kruep. Plaintiffs emphasize that they are not requesting reconsideration of Kruep's dismissal, but rather are requesting reconsideration of the Court's denial of leave to amend.

The Court dismissed Plaintiffs' claims against Kruep because there were no allegations that he made any of the allegedly false or misleading statements underpinning Plaintiffs' fraud on the market theory. January 21 Order at 7-8. In doing so, the Court expressly adopted the reasoning of a factually similar case, *In re Homestore.com, Inc. Sec. Litig.*, 252 F.Supp.2d 1018 (C.D. Cal. 2003), and quoted the following language from that case:

> Essentially what plaintiff alleges is a scheme to make a deceptive statement or material omission. Yet the principal "wrong" alleged under the rule is the statement, not the scheme. Therefore, it is appropriate to require defendants in this case to be connected in some material way to the drafting of the statements made to the investing public.

*Id.* at 1041.

Plaintiffs assert that new evidence indicates that Kruep was materially connected to the drafting of statements made to the investing public, i.e., that Kruep provided and certified false information for publication in Redback's press releases, financial statements and SEC filings. Defendants assert that the new evidence does not demonstrate that Kruep personally made any of the allegedly false or misleading statements to the public, and that as a result any amendment would be futile. However, based upon the reasoning set forth in *Homestore* and adopted by this Court, Plaintiffs could make out a viable § 10(b) claim against Kruep if he was sufficiently involved in the drafting of statements released to the public, even if he did not make the statements personally.

Plaintiffs have provided an adequate explanation as to why the evidence in question could not have been discovered earlier in the exercise of due diligence. Accordingly, for good cause shown, the Court GRANTS Plaintiffs' motion for reconsideration of the January 21 Order insofar as that Order dismisses Kruep without leave to amend. Plaintiffs shall file any amended pleading, setting forth all relevant allegations as to Kruep, within thirty days after service of this Order. The Court's ruling on Plaintiffs' motion for reconsideration is without prejudice to Kruep's filing of a motion to dismiss on the basis of failure to state a claim or other appropriate ground.

IT IS SO ORDERED.

DATED: 5/25/05

/s/ (electronic signature authorized)
_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Eric J. Belfi     ebelfi@murrayfrank.com

Luke O Brooks     lukeb@mwbhl.com, e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

Merrill G. Emerick     memerick@afelaw.com,

Frederick Sexton Fields     ffields@cpdb.com

Marc L. Godino     service@braunlawgroup.com

Michael M. Goldberg     info@glancylaw.com

Stuart M. Grant     sgrant@gelaw.com, cmarks@gelaw.com

Robert S. Green     CAND.USCOURTS@CLASSCOUNSEL.COM

Cameron Powers Hoffman     choffman@wsgr.com,

Robert A. Jigarjian     CAND.USCOURTS@CLASSCOUNSEL.COM

Betsy C. Manifold     manifold@whafh.com

Marlon Quintanilla Paz     pazm@sec.gov, marlonpaz@vzavenue.net

Rachele R. Rickert     rickert@whafh.com

Darren J. Robbins     e_file_sd@lerachlaw.com, e_file_sf@lerachlaw.com

John P. Stigi, III     jstigi@wsgr.com

Lauren E. Wagner     lwagner@gelaw.com, sgrant@gelaw.com;jkairis@gelaw.com;cmarks@gelaw.com;kwierzel@gelaw.com;mswift@gelaw.com

LaShann M. DeArcy
Cravath Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

Charles H. Dufresne
Abbey Gardy, LLP
212 East 39th Street
New York, NY 10016

3

Case No. C-03-5642-JF (HRL)
ORDER GRANTING MOTION FOR RECONSIDERATION
(JFLC2)

1  David Garden
2  Mark C. Gardy
   Abbey Gardy, LLP
3  212 East 39th Street
   New York, NY 10016
4
5  John C. Kairis
   Grant & Eisenhofer P.A.
6  Chase Manhattan Centre
   1201 North Market Street
7  Wilmington, DE 19801
8
   Kimberly L. Wierzel
9  Grant & Eisenhofer P.A.
   Chase Mangattan Centre
10 1201 North Market Street
   Wilmington, DE 19801
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                4
Case No. C-03-5642-JF (HRL)
ORDER GRANTING MOTION FOR RECONSIDERATION
(JFLC2)