**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: REDBACK NETWORKS, INC. SECURITIES LITIGATION, <br><br> In Re, <br><br><br> CONNECTICUT RETIREMENT PLANS AND TRUST FUNDS, <br><br>         Plaintiff - Appellant, <br><br>  and <br><br> ROBERT W. BAKER, Jr., individually and on behalf of all others similarly situated; RICHARD WIMBLE; PRENA SMAJLAJ; BARTNIK GROUP; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, <br><br>         Plaintiffs, <br><br>   v. <br><br> PRICEWATERHOUSECOOPERS LLP; THOMAS L. CRONAN, III; KEVIN A. DENUCCIO; PIERRE R. LAMOND; | No. 08-15057 <br><br> D.C. No. CV-03-05642-JF <br><br><br> MEMORANDUM[*] |

---

         [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

VINOD KHOSLA; VIVEK RAGAVAN;
DENNIS P. WOLF; DENNIS BARSEMA;
GUARAV GARG; CRAIG M.
GENTNER; PROMOD HAQUE;
WILLIAM KURTZ; RANDALL KRUEP,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted April 14, 2009
San Francisco, California

Before: T.G. NELSON, KLEINFELD and M. SMITH, Circuit Judges.

Plaintiffs filed a class action lawsuit based on securities fraud against several individual defendants (collectively "Defendants") that held various positions in Redback Networks, Inc. ("Redback"). Plaintiffs appeal the district court's dismissal of Plaintiffs' complaint for failure to state a claim upon which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. This Court reviews dismissals for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Thompson v. Paul*, 547 F.3d 1055, 1058 (9th Cir. 2008).

Even assuming Plaintiffs adequately pleaded falsity for their fraudulent statement claim, Plaintiffs have not adequately pleaded loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (holding loss causation not

adequately pleaded when the complaint did not claim that the "share price fell significantly after the truth became known"). Plaintiffs' allegations that the loss was caused by investors learning the alleged truth (that Redback generated its business with Qwest through improper means) are conclusory and involve unreasonable inferences. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1065 (9th Cir. 2008) (allegation of market's understanding as to what disclosure revealed was not a fact, but an inference plaintiff believed was warranted from the facts alleged); *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008) (the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences).

The district court did not err in dismissing Plaintiffs' fraudulent scheme claim because there is no meaningful distinction between Plaintiffs' fraudulent statement claim and fraudulent scheme claim. In any case, the fraudulent scheme claim cannot survive dismissal because Plaintiffs have failed to adequately plead loss causation.

Plaintiffs' claim under § 18 of the Securities Exchange Act of 1934, 15 U.S.C. § 78r(a), was properly dismissed because they did not adequately plead loss causation. *See* 15 U.S.C. § 78u-4(b)(4) (in private actions under this title, plaintiff must prove loss causation–"that the act or omission of the defendant alleged to

violate this title caused the loss for which the plaintiff seeks to recover damages"); *Thompson*, 547 F.3d at 1058-59 (court may affirm a 12(b)(6) dismissal on any ground supported by the record).

The district court correctly dismissed Plaintiffs' § 20A claim (insider trading) and § 20(a) claim (control person liability) because Plaintiffs failed to allege an independent securities fraud violation. *See* 15 U.S.C. § 78t-1 (insider trading); 15 U.S.C. § 78t(a) (control person liability); *see also Halkin v. Verifone Inc. (In re Verfione Sec. Litig.)*, 11 F.3d 865, 872 (9th Cir. 1993) (insider trading claim requires an actionable independent securities fraud violation)*; Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996) (control person liability claim requires a showing that a primary violation was committed).

The district court did not abuse its discretion when it dismissed Plaintiffs' complaint with prejudice because it had given Plaintiffs sufficient opportunity to amend their complaint to correct the deficiencies. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

**AFFIRMED.**

United States Court of Appeals for the Ninth Circuit
Office of the Clerk
95 Seventh Street; San Francisco, California 94103

General Information
Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue seven calendar days after the expiration of the time for filing a petition for rehearing or seven calendar days from the denial of a petition for rehearing, unless the court directs otherwise. To file a motion for stay of mandate, file it electronically via the appellate ECF system or by paper with an original and four copies of the motion.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -4)**
(1) A. **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▸ A material point of fact or law was overlooked in the decision;
  ▸ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▸ An apparent conflict with another decision of the court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B. **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  ▸ Consideration by the full court is necessary to secure or maintain uniformity of the court's decisions; or
  ▸ The proceeding involves a question of exceptional importance; or
  ▸ The opinion directly conflicts with an existing opinion by another

court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**
- ▸ A petition for rehearing may be filed within fourteen (14) days after entry of judgment. Fed. R. App. P. 40(a)(1).
- ▸ If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- ▸ If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- ▸ *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- ▸ An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)   Statement of Counsel**
- • A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- • The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- • The petition must be accompanied by a copy of the panel's decision being challenged.
- • An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- • If an unrepresented litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.
- • The petition or answer must be accompanied by a Certificate of Compliance found at Form 11.

- If a petition is filed electronically via the appellate ECF system, no paper copies are required.
- If filing a petition for panel rehearing by paper, submit an original and 3 copies.
- If filing a petition for rehearing en banc by paper, submit an original and 50 copies.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information.

**Attorney's Fees**
- Circuit Rule 39-1 describes the content and due dates for attorney fee applications.
- All relevant forms are available on our website www.ca9.uscourts.gov or by telephoning (415) 355-7806.

**Petition for Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourtus.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  ▸ West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor);
  ▸ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court."

Form 10. Bill of Costs ................................................................................................................(Rev. 1-1-05)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[_____] v. [_____] 9th Cir. No. [_____]

The Clerk is requested to tax the following costs against: [_____]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page** | TOTAL COST | No. of Docs.* | Pages per Doc. | Cost per Page** | TOTAL COST |
| Excerpt of Record | | | $ | $ | | | $ | $ |
| Opening Brief | | | $ | $ | | | $ | $ |
| Answering Brief | | | $ | $ | | | $ | $ |
| Reply Brief | | | $ | $ | | | $ | $ |
| Other | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

**Form 10. Bill of Costs -** *Continued*

**Other:** Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys fees **cannot** be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less. Circuit Rule 39-1.

I, _____ , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____

Date _____

Name of Counsel: _____

Attorney for: _____

(To Be Completed by the Clerk)

Date _____    Costs are taxed in the amount of $ _____

Clerk of Court

By: _____ , Deputy Clerk